IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TERRI LYNN BUHLMAN and
MARK HENRY ROBERTSON,

      Plaintiffs,

v.                            CASE NO. 5:17-cv-174-MCR-GRJ

TOM HARRIS, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiffs initiated this case on July 5, 2017, by filing a *pro se*

complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff Buhlman

also filed a motion for leave to proceed in forma pauperis. (ECF No. 2.) For

the following reasons, it is respectfully recommended that this case should

be dismissed.

## I.  Introduction

Upon review of Plaintiff Buhlman's affidavit of financial status

attached to her motion for leave to proceed in forma pauperis, the Court

determined that Plaintiff Buhlman needed to clarify several responses

before the Court could determine whether leave to proceed as a pauper

should be granted. (ECF No. 4.) Accordingly, the Court directed Plaintiff Buhlman to either pay the $400.00 filing fee or file an amended motion for leave to proceed in forma pauperis by July 27, 2017. (*Id.*)

Additionally, although there are two named Plaintiffs in this case, Plaintiff Robertson failed to file a motion for leave to proceed in forma pauperis and the requisite affidavit of financial status. Because it is improper for multiple *pro se* non-prisoner plaintiffs to obtain in forma pauperis status on behalf of only one plaintiff, the Court also directed Plaintiff Robertson to file a motion for leave to proceed in forma pauperis by July 27, 2017. (*Id.*)

## II. Allegations

Plaintiffs attempt to bring claims against the Bay County Planning and Zoning Division, the Bay County Code Enforcement Division, the Bay County Sheriff's Office, and four Bay County employees in their official capacities—Tom Harris, Katherine Ashman, Martin Jacobson, and Deputy Ryan Willoughby. (ECF No. 1.)

Mr. Harris, a code enforcement officer, and another code enforcement officer trespassed on Plaintiff Buhlman's private property on January 19, 2017, to give notice to a third party camping on the property

that he was in violation of a county code. Plaintiffs say the third party had their permission to camp there and that the code violation the officers cited does not exist.

Plaintiff Robertson called the Sheriff's Office to have the officers removed from the property. Deputy Willoughby arrived and let the officers back onto the property. Deputy Willoughby allegedly then asked the officers what they could find to have Plaintiff Robertson arrested. Plaintiff Robertson says Ms. Ashman, a code enforcement manager, and Mr. Harris thereafter filed a false report with the Sheriff's Office against Plaintiff Robertson. However, no criminal action was taken against Plaintiff Robertson.

Before the officers left the property they notified the third party that he had five days to vacate the property and then proceeded to walk the property taking pictures. The officers placed a red violation sticker on the third party's tent, as well as a shed on the back of the property. Plaintiffs say the shed is not a nuisance, is used for maintenance of the property, and was originally accompanied on the property by a house, which burned down in February 2015.

Approximately 8–10 days later, Plaintiff Buhlman received a violation

notice pertaining to the shed being on the property without a primary

structure in violation of Bay County Land Development Regulation § 404-

3.[1] Plaintiff Buhlman was given fifteen days to either move or destroy the

shed. Plaintiffs, however, requested a hearing, which was set for July 6,

2017.

    Plaintiffs say Defendants violated Plaintiff Buhlman's rights to

---

[1] Section 404-3 provides:

> Accessory uses and structures allowed in R-1 [Single-Family Residential] zones are as follows. All others are conditional uses or prohibited uses. Accessory uses and structures are allowed only when a principal use or structure exists and can be located only in side or rear yards except in the case of residential docks, piers, and boathouses. Accessory uses may be placed in front of primary uses or structures when the lot is abutting a body of water. Except for fences all accessory uses must be located at least three (3) feet from side and rear property lines. Accessory uses shall conform to the Standard Building Code where applicable.
>> a. Unattached garage.
>> b. Unattached carport.
>> c. Garage apartment, guesthouse, or domestic quarters.
>> d. Swimming pool and pool house.
>> e. Storage shed/Greenhouse.
>> f. Satellite dishes. Unattached satellite dishes or those larger than three (3) feet in diameter are allowed only in rear yards.
>> g. Amateur radio antennae.
>> h. Unattached deck or patio.
>> I. Residential docks, piers and boat houses will be allowed on undeveloped property without a primary use provided the dock is either exempt from or eligible for and the owner obtains a Noticed General Permit from the Florida Department of Environmental Protection.

Bay County, Fla., Land Dev. Regulation § 404-3 (2004).

personal and/or real property without due process of law or compensation and unlawfully searched her property. (*Id.*) Plaintiff also alleges that Defendants violated Plaintiff Robertson's rights to personal and/or real property without due process of law or compensation, and also harassed, coerced, intimidated, and made false allegations against Plaintiff Robertson. (*Id.*) Plaintiffs seek compensatory damages they incur as a result of the county's actions. (*Id.*)

## III. Discussion

A  federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). The screening process under § 1915A also applies to non-prisoner *pro se* litigants who are proceeding in forma pauperis. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252,

1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)).

As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009), the Supreme Court stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (*overruled on other grounds* by *Iqbal*, 129 S. Ct. 1937).

Plaintiffs have failed to state a plausible claim for relief. Turning first to Plaintiff Buhlman, liberally construed, she attempts to bring three claims: (1) a procedural due process claim; (2) a Fifth Amendment Takings claim; and (3) a state law trespass claim. All three of Plaintiff Buhlman's claims, however, fail to state a claim upon which relief may be granted.

For starters, Plaintiff Buhlman's procedural due process claim fails to state a claim for relief because Plaintiffs admits that Plaintiff Buhlman was provided notice and a hearing pertaining to the alleged regulation violation. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"); *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994) ("Due process entitles an individual to notice and some form of hearing before state action may finally deprive him or her of a property interest."); *McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994) (even if a deprivation occurs, there is no procedural due process violation unless the state "refuses to make available a means to remedy the deprivation").

Plaintiff Buhlman's Fifth Amendment takings claim also fails to state a plausible claim for relief. A governmental action or regulation that

substantially deprives an owner of all reasonable beneficial use of the property may give rise to a Fifth Amendment takings claim. *See Horne v. Dep't of Agriculture*, 135 S. Ct. 2419, 2425–27 (2015); *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015–19 (1992); *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 185–86 (1985). Under no liberal interpretation of Plaintiffs' allegations would a simple county regulation prohibiting accessory dwellings in a residential zone without a principal use or structure somehow deprive Plaintiff Buhlman of all reasonable use of her property—a vacant lot. And even if Plaintiff Buhlman could plausibly state a takings claim, her claim would not be ripe for review because according to her allegations, the Code Enforcement Board has not rendered a final decision pertaining to her shed. *See Williamson Cty.*, 473 U.S. at 186 ("[A] claim that the application of government regulations effects a taking of a property interest is not ripe until the governmental entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.").

Next, even assuming Plaintiff Buhlman could state a plausible state law claim for trespass, this Court lacks jurisdiction over her state law claim

in the absence of a federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1367(a). Plaintiff Buhlman has not plausibly stated a federal claim and Plaintiffs' allegations do not suggest that this case gives rise to diversity jurisdiction. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff Buhlman's trespass claim.

Turning to Plaintiff Robertson, his claims also fail to state a claim for relief. Liberally construed, he also asserts three claims: (1) a procedural due process claim; (2) a Fifth Amendment Takings claim; and (3) a malicious prosecution claim. Plaintiff Robertson, however, cannot bring a procedural due process claim or a Fifth Amendment takings claim with respect to property that he does not own. And with respect to Plaintiff Robertson's malicious prosecution claim, he admits that despite the allegedly false report filed with the Sheriff's Office, no criminal action was taken against him. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) ("To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures."); *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994) (under Florida law, one of the elements

required for a malicious prosecution claim is that an original judicial proceeding against the present plaintiff was commenced or continued); *Erp v. Carrol*, 438 So. 2d 31, 40 (Fla. Dist. Ct. App. 1983) (in Florida, [c]riminal prosecutions are commenced with the filing of an information or indictment based upon a charge decision made by a state attorney or grand jury, or at least an arrest pursuant to a summons or arrest warrant issued by a committing magistrate"). Plaintiff Robertson's malicious prosecution claim also fails.

The Court advised Plaintiffs of these deficiencies in its order dated July 10, 2017. (ECF No. 4.)[2] Although it appeared that Plaintiffs could not plausibly state a claim for relief over which this Court has jurisdiction, the Court nevertheless provided Plaintiffs an opportunity to file an amended complaint by July 27, 2017. Plaintiffs were advised that failure to (1) either pay the $400.00 filing fee or file an amended motion for leave to proceed as a pauper for Plaintiff Buhlman and a motion for leave to proceed as a pauper for Plaintiff Robertson, and (2) file an amended complaint by July 27, 2017, or to show cause why they were unable to comply, "will result in

_____

[2] The Court also noted that there were a litany of other problems with Plaintiffs' complaint, but declined to address those at that juncture because it appeared that Plaintiffs could not plausibly state a claim for relief. (ECF No. 4.)

a recommendation to the district judge that Plaintiffs' case be dismissed for failure to prosecute, failure to follow a Court order, and failure to state a claim." (*Id.* at 9–10.) As of the date of this Report and Recommendation, however, Plaintiffs have failed to respond to the Court's order.

A district court has the inherent authority to manage its own docket "to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Despite being warned that failure to comply with the Court's order would result in a recommendation that this case would be dismissed, Plaintiffs have failed to respond to the Court's order. Thus, this case is due to be dismissed for failure to prosecute, failure to comply with an order of the Court, and failure to state a claim.

Accordingly, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to prosecute, failure to comply with an order of the

Court, and failure to state a claim.

   **IN CHAMBERS** this 1st day of August 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**